IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANDY GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 5:15-cv-968 |
| STATE FARM LLOYDS AND | § | |
| AND KEVIN O'HAVER | § | |
| | § | |
| Defendants. | § | JURY REQUESTED |

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

STATE FARM LLOYDS (hereinafter "State Farm"), Defendant, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

### I.     PROCEDURAL BACKGROUND

1.     On October 2, 2015, Sandy Gonzalez ("Plaintiff") filed her Original Petition ("the Petition") in Cause No. 2015CV05742 in the County Court at Law No. 10, Bexar County, Texas, ("the State Court Action") against Defendants State Farm and Kevin O'Haver ("O'Haver").

2.     On October 7, 2015, O'Haver was served with process.  O'Haver filed his Original Answer on October 29, 2015.

3.     On October 8, 2015, State Farm was served with process.  State Farm filed its Original Answer on October 29, 2015.

4.     State Farm timely files this Notice of Removal pursuant to 28 U.S.C. § 1446 to remove the State Court Action from the County Court at Law No. 10, Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

6420200.2

## II.     NATURE OF THE SUIT

5.      This lawsuit involves a dispute over the alleged non-payment or under payment of insurance benefits and the handling of Plaintiff's insurance claims for damages allegedly caused by a storm occurring on or about April 2013.[1]  Plaintiff asserts causes of action for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act.

## III.     VENUE

6.      Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the State District Court of Bexar County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

## IV.     BASIS FOR REMOVAL

7.      There is complete diversity among the parties properly joined to this suit and the amount in controversy exceeds $75,000.

8.      Plaintiff was, at the time this action commenced, and is still a citizen of the State of Texas.[2]

9.      Defendant State Farm was, at the time the civil action commenced, and still is, a citizen of the states of Illinois, Florida and Pennsylvania. State Farm is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an association of underwriters, each of whom, at the time this civil action was commenced, were, and still are,

---

[1] *See* Pl. Original Pet. § VI ¶ D.
[2] *Id*. at § II.

citizens and residents of the states of Illinois, Florida, and Pennsylvania making State Farm a citizen and resident of the states of Illinois, Florida, and Pennsylvania for diversity purposes.[3]

10. Defendant O'Haver is a Texas citizen and an adjuster whom State Farm assigned to handle Plaintiff's claim. O'Haver acted in his capacity as an agent of State Farm in adjusting Plaintiff's insurance claims. Plaintiff has not asserted a single allegation of any act performed by Defendant O'Haver by himself; rather, Plaintiff recites "O'Haver, on behalf of State Farm," before any factual allegation regarding Defendant O'Haver.[4] Such generic allegations are insufficient to state a potential right to relief against Defendant O'Haver individually.[5] Because Defendant O'Haver was always acting in his capacity as an agent of State Farm, he bears no independent liability, is improperly joined, and his citizenship should be disregarded for purposes of determining complete diversity of citizenship.

11. Plaintiff also seeks "monetary relief over $100,000 or less, including damages of any kind..."[6] Because the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

### V.   DEFENDANT KEVIN O'HAVER IS IMPROPERLY JOINED

12. A defendant may be disregarded as a party if the Court determines that his joinder is an improper device to defeat diversity jurisdiction and prevent removal.[7] "The presence of an improperly joined, non-diverse defendant does not defeat federal jurisdiction premised on diversity."[8]

---

[3] *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993).
[4] *See* Pl. Original Pet. § VI ¶¶ F, G, H, J, K, L, M, N, and O.
[5] *See Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999).
[6] Pl. Original Pet. § IV.
[7] *See Gonzales v. Homeland Ins. Co. of New York*, 2011 U.S. Dist. LEXIS 84577 at *5, 2011 WL 3104104 at *2 (S.D. Tex. Jul. 25, 2011).
[8] *Id.* quoting *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (internal citations omitted).

6420200.2

13. In order to establish improper joinder, "the removing party must show either that there is no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts."[9] In this case, there is no possibility that the plaintiff will be able to establish a cause of action against O'Haver, the in-state defendant.

14. Whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.[10] A petition must state specific "facts warranting liability" in order to defeat removal.[11] A reasonable basis for liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one.[12]

15. Plaintiff's factual allegations regarding Defendant O'Haver do not form the basis of an independent cause of action against him as opposed to State Farm. Rather, Plaintiff has filed suit against O'Haver for the same reasons that Plaintiff filed suit against State Farm. Plaintiff is dissatisfied that State Farm has "refused to pay Plaintiff in full" on her claim.[13] As a result, she has asserted no causes of action against O'Haver which are distinct from those asserted against State Farm.[14] Plaintiff also seeks no separate or independent damages from O'Haver for his alleged conduct.[15] Plaintiff's damage claims all arise out of State Farm's alleged failure to pay more on Plaintiff's claim, which is insufficient to establish a claim for damages against O'Haver.[16]

---

[9] *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 161 (S.D. Tex. 1994).
[10] *Griggs v. State Farm Lloyds*, 181 F.3d. 694, 701 (5th Cir. 1999).
[11] *Id.*
[12] *Id* (emphasis added).
[13] *See* Pl. Original Pet. § VI ¶ S.
[14] *See* Pl. Original Pet. § VII.
[15] *See* Pl. Original Pet. §§ IX and X.
[16] *See DeCluette v. State Farm Lloyds*, No. 3:12-CV-4449-B, 2013 WL 607320, at *4 (N.D. Tex. Feb 19, 2013); *Dougherty v. State Farm Lloyds*, No. 4:01-CV-0611A, 2001 WL 1041817, at *2 n. 1 (N.D. Tex Aug. 30, 2001).

16.     Further, under Texas law, agents are generally not liable for contracts entered into on behalf of the principal or for any actions that are within the scope of their authority.[17] When an agent exceeds his authority under the agency agreement, he becomes personally liable.[18] Absent allegations that O'Haver was acting in anything other than a representative capacity or that he actually engaged in any deceptive or unfair practices in connection with Plaintiff's claims, thus exceeding his agency authority, O'Haver cannot be held individually liable.[19]

17.     Nowhere in Plaintiff's Petition do they allege that O'Haver exceeded the scope of his authority.[20] On the contrary, Plaintiff points out that O'Haver's, "on behalf of State Farm inspected Plaintiff's property"[21] and "prepared the repair estimate."[22]

18.     Because there is no reasonable basis for this Court to predict that Plaintiff may be able to recover against O'Haver, his presence should be disregarded in determining diversity jurisdiction and he should be dismissed.

19.     Because Plaintiff is a citizen of Texas, Defendant State Farm is a citizen of the states of Illinois, Florida, and Pennsylvania, and because Defendant O'Haver has been improperly joined, complete diversity of citizenship exists among the parties.

## VI.     PROCEDURAL REQUIREMENTS

20.     Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

Exhibit A:     Index of Matters Being Filed;

Exhibit B:     Plaintiffs' Original Petition filed on October 2, 2015;

Exhibit C:     A copy of the Citation and executed process for Defendant State Farm;

---

[17] *See French*, 156 F.R.D. at 162.
[18] *See Schwarz v. Straus-Frank Co.*, 382 S.W.2d 176, 178 (Tex. Civ. App.—San Antonio 1964, writ ref'd n.r.e.).
[19] *See Arzehgar v. Dixon*, 150 F.R.D. 92, 94-95 (S.D. Tex. 1993) (noting that the insurance agents were added as Defendants "only as an afterthought" and that "Plaintiffs' counsel failed to revise the petition in many places to expand the reach of the allegations beyond" the insurance company).
[20] *See* Pl. Original Pet.
[21] Pl. Original Pet. § VI ¶ F.
[22] Pl. Original Pet. § VI ¶ G.

| | |
|---|---|
| Exhibit D: | A copy of the Citation and executed process for Defendant O'Haver; |
| Exhibit E: | A copy of State Farm Lloyds' Original Answer filed October 29, 2015; |
| Exhibit F: | A copy of Kevin O'Haver's Original Answer filed October 29, 2015; |
| Exhibit G: | A copy of the state court docket sheet; |
| Exhibit H: | Defendant Kevin O'Haver's Consent to Removal; and |
| Exhibit I: | A list of all counsel of record. |

21. Defendant Kevin O'Haver consents in this removal. *See* Exhibit H.

22. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.[23]

23. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after filing the same.

24. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the County Court at Law No. 10, Bexar County, Texas, promptly after filing of same.

---

[23] *See* Exhibit A.

## **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Defendant STATE FARM LLOYDS respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm also requests any additional requests any additional relief to which it may be justly entitled.

        Respectfully submitted,

        Dykema Cox Smith
        112 East Pecan Street, Suite 1800
        San Antonio, Texas  78205
        210.554.5500
        210.226.8395 (Fax)

        By: */s/ Jane Bockus*
            Jane E. Bockus
            State Bar No. 02541700
            jbockus@dykema.com
            Rachel R. Skinner
            State Bar No. 24085588
            rskinner@dykema.com

        *Attorneys for Defendant, State Farm Lloyds*

## **CERTIFICATE OF SERVICE**

I, Jane E. Bockus, certify that a true and correct copy of the foregoing instrument was electronically filed this the 6th day of November, 2015, with the Clerk of the U.S. District Court, Western District of Texas, using its electronic case filing system, CM/ECF, and served on counsel of record in accordance with the Federal Rules of Civil Procedure:

    M. Alex Nava
    Troy A. Glander
    serveone@ANGlawfirm.com
    anava@anglawfirm.com
    tglander@anglawfirm.com
    Allan, Nana, Glander & Holland, PLLC
    825 W. Bitters Road, Suite 102
    San Antonio, Texas 78216
    (210) 305-4220 - phone
    (210) 305-4219 - fax
    *Attorneys for Plaintiff, Sandy Gonzalez*

                                          */s/ Jane Bockus*
                                          Jane E. Bockus

6420200.2